**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GJN ADVISORS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:09CV338(MRK) |
| | : | |
| WOOLRICH, INC., | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

On February 27, 2009, Defendants Woolrich, Inc. ("Woolrich") and John Rich & Sons

Investment Holding Co. ("John Rich") removed this contract action, which Plaintiff GJN Advisors,

Inc. ("GJN Advisors") had filed in Connecticut state court, on the basis of this Court's diversity

jurisdiction.  Following the removal, on April 6, 2009, Defendants filed a Motion to Dismiss for

Lack of Personal Jurisdiction and Improper Venue, or in the alternative, to Transfer Venue [doc. #

11].  On April 16, 2009, GJN Advisors voluntarily dismissed John Rich from this action, and the

Court therefore denied as moot Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue.  *See* Order [doc. # 17].  The parties then engaged in limited discovery on

Woolrich's motion to transfer this action to the United States District Court for the Middle District

of Pennsylvania under 28 U.S.C. § 1404(a).  For the reasons that follow, the Court DENIES

Woolrich's Motion to Transfer Venue [doc. # 11].

Section 1404(a) enables a district court to transfer any civil action to another district where

the action may have been brought "[f]or the convenience of parties and witnesses, in the interest of

justice." 28 U.S.C. § 1404(a). Section 1404(a) gives district courts "considerable discretion . . . to

adjudicate motions for transfer according to an 'individualized, case-by-case consideration of

convenience and fairness.'"  *Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir.

1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In considering whether to transfer

venue, relevant factors include "(1) the plaintiff's choice of forum, (2) the convenience of witnesses,

(3) the location of relevant documents and relative ease of access to sources of proof, (4) the

convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the

attendance of unwilling witnesses, [and] (7) the relative means of the parties."  *Jones v. Walgreen,*

*Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462

F.3d 95, 106-107 (2d Cir. 2006)); *see also Hanninen v. Fedoravitch*, 583 F. Supp. 2d 322, 331 (D.

Conn. 2008).  This Court and other district courts have identified two additional factors to consider

when determining a motion to transfer: "(1) the forum's familiarity with the governing law; and (2)

trial efficiency and the interest of justice, based on the totality of the circumstances."  *Jones*, 463 F.

Supp. at 271 (citations and quotation marks omitted).  Because Woolrich seeks to transfer venue, it

bears the burden of justifying the transfer.  *See D.H. Blair & Co.*, 462 F.3d at 106; *Hanninen*, 583

F. Supp. 2d at 331.  After considering the relevant factors, the Court finds that Woolrich has not met

its burden.  The Court says this for several reasons.

First, this is not a case in which numerous factors strongly favor a transfer of venue.

Although Woolrich's headquarters are in Pennsylvania, GJN Advisors is based in Connecticut, and

its President, George J. Nova, is a resident of Connecticut.  As such, Woolrich largely relies on the

convenience of witnesses in support of its motion.  As this Court has before recognized, "'[i]n order

to show that this factor favors transfer, the moving party must identify the witnesses located in the

transferee district upon whom it intends to rely and describe the content of their potential testimony

. . . .  Vague generalizations and failure to clearly specify the key witnesses to be called . . . are an

insufficient basis upon which to grant a change of venue under § 1404(a).'" *Hanninen*, 583 F. Supp. 2d at 331-32.  In its memorandum and supporting affidavit, Woolrich identifies certain of its high-level employees as the individuals most likely to have information regarding GJN Advisors' claims, which primarily concern Woolrich's decision to terminate its children's line and its alleged deceptive accounting practices.  All of the employees that Woolrich has identified are located in Pennsylvania. In response, however, GJN Advisors has identified a number of non-party witnesses who are likely to be called to testify in this case, each of whom hails from Connecticut, Rhode Island, or New York. After considering the witnesses identified by the parties, the Court finds that the convenience of witnesses does not heavily favor either party and moreover, that both parties may have to contend with the issue of this Court's lack of authority to compel the participation and attendance of certain non-party witnesses.

In addition, while Woolrich maintains that GJN Advisors' claim primarily involves business decisions and accounting practices that, according to Woolrich, place the locus of operative facts in Pennsylvania, GJN Advisors asserts that its business suffered the impact of Woolrich's actions in Connecticut.  And although Woolrich further argues that most of the documents relating to Plaintiff's claim are located in Pennsylvania, it concedes, as it must, that this information may be maintained in an electronic format, and thus, easily produced in Connecticut.  *Cf. id.* at 332.  Thus, the Court finds that the locus of operative facts and location of relevant documents also do not strongly tilt in favor of transferring this case to the Middle District of Pennsylvania.

Perhaps more importantly, the Court gives considerable weight to GJN Advisors' choice of forum.  As this Court has previously recognized, "it is well-settled that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *See id.* at 331

(quoting *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950)).  Here, GJN Advisors has

chosen Connecticut as the forum.  The Court gives this choice of forum "significant, though not

controlling, weight," *Jones*, 463 F. Supp. 2d at 274, and finds it particularly relevant that GJN

Advisors not only is a citizen of Connecticut but also alleges it suffered the consequences of

Woolrich's actions in Connecticut.  The Court also notes that Mr. Nova has attested to the fact that

transferring this case to Pennsylvania may prove so costly that it effectively prevents him from

prosecuting this action.

Finally, the Court does not believe that the parties' choice of law provision, trial efficiency,

or the interests of justice favor transferring this case to the Middle District of Pennsylvania.  In sum,

after considering the foregoing factors, the Court concludes that Woolrich has not shouldered its

burden of establishing that the balance of factors tips in favor of a transfer to the Middle District of

Pennsylvania.

Accordingly, Woolrich's Motion to Transfer Venue [doc. # 11] is denied.  This action shall

proceed in accordance with the Court's Case Management Order [doc. # 20].

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

Dated in New Haven, Connecticut:  **July 9, 2009.**