UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GJN ADVISORS, INC., | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:09CV338 (MRK) |
| | : | |
| v. | : | |
| | : | |
| WOOLRICH, INC., | : | |
|     Defendant. | : | FEBRUARY 3, 2010 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Woolrich, Inc. ("Woolrich"), by its undersigned counsel, for its Answer and Affirmative Defenses to the Amended Complaint of plaintiff GJN Advisors, Inc. ("GJN"), alleges, on knowledge as to its own conduct and otherwise on information and belief, as follows:

### As to the Alleged Count One (Breach of Contract)

1.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

2.  Denies each and every allegation contained in paragraph 2, except admits that Woolrich is a Pennsylvania corporation with its principal place of business located at 2 Mill Street, Woolrich, Pennsylvania, and that Woolrich is in the business of, among other things, distributing clothing, fabrics and home furnishings.

3.  States that the allegations contained in paragraph 3 purport to state a legal conclusion as to which no response is required.

4.  States that the allegations contained in paragraph 4 purport to state a legal conclusion as to which no response is required.

### As to the Alleged Contractual Background

5.  Denies each and every allegation contained in paragraph 5, except admits that John Rich & Sons Investment Holding Company ("John Rich") is a Delaware corporation with its principal place of business located at 300 Delaware Avenue, 9th Floor, Wilmington, Delaware, and that John Rich owns the "WOOLRICH" family of trademarks.

6.  Denies each and every allegation contained in paragraph 6, except admits that on or about July 30, 2004, John Rich and JWD, Inc. ("JWD") entered into a license agreement (the "Original Agreement"), and respectfully refers the Court to that document for its contents.

7.  Denies each and every allegation contained in paragraph 7, except admits that on or about March 8, 2005, John Rich and JWD amended the Original Agreement, and respectfully refers the Court to the amendment for its contents.

8.  Denies each and every allegation contained in paragraph 8, except admits that on or about December 12, 2005, John Rich and T.C. Lyle, Inc. ("TCL") amended the Original Agreement, and respectfully refers the Court to the amendment for its contents.

9.  Denies each and every allegation contained in paragraph 9, except admits that on or about December 4, 2006, John Rich, TCL and Woolrich entered into an agreement (the "Agreement"), and respectfully refers the Court to that document for its contents.

10. Denies each and every allegation in paragraph 10, except admits that John Rich, TCL and Woolrich entered into the Agreement, pursuant to which, among other things, Woolrich made payments of not less than $300,000 to or for the benefit of TCL, and respectfully refers the Court to that document for its contents.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11, except admits that on or about January 16, 2008, TCL, with the written agreement of John Rich and Woolrich, purported to assign its rights and interests in the Agreement to GJN.

### As to the Alleged Destruction and Termination of the Children's Wear Line

12. Denies each and every allegation contained in paragraph 12, except admits, upon information and belief, that Thomas Hathaway and Cynthia Hathaway had been involved in developing the business of the Woolrich Kids line, and that Woolrich provided to TCL a pro forma financial statement, dated July 18, 2006, based on information provided to it by Thomas Hathaway (the "Pro Forma Financial Statement"), and respectfully refers the Court to that document for its contents.

13. Denies each and every allegation contained in paragraph 13, except admits that Woolrich provided the Pro Forma Financial Statement to TCL, and respectfully refers the Court to that document for its contents.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, except admits that Roswell Brayton, Jr. is a descendant of the founder of Woolrich, and participated on Woolrich's behalf in negotiating the Agreement.

15. Denies each and every allegation contained in paragraph 15, except admits that, prior to entering into the Agreement, Messrs. Hegenstaller and Aides were not in favor of having Woolrich sell children's apparel directly.

16. Denies each and every allegation contained in paragraph 16.

17. Denies each and every allegation contained in paragraph 17.

18. Denies each and every allegation contained in paragraph 18.

19. Denies each and every allegation contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Denies each and every allegation contained in paragraph 21.

22. Denies each and every allegation contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in the first sentence of paragraph 23; and denies each and every remaining allegation contained in paragraph 23.

24. Denies each and every allegation contained in paragraph 24.

25. Denies each and every allegation contained in paragraph 25.

26. Denies each and every allegation contained in paragraph 26, except admits that 2007 sales revenue of Woolrich Kids' products were reported in March 2008 as $1,302,076.

27. Denies each and every allegation contained in paragraph 27.

28. Admits the allegations contained in paragraph 28.

29. Denies each and every allegation contained in paragraph 29.

### As to the Alleged Deceptive Accounting Practices

30. Denies each and every allegation contained in paragraph 30, except admits that, consistent with the parties' Agreement, Woolrich did not include retail or Canadian sales in the income statement provided to plaintiff; and admits that plaintiff raised that issue with Messrs. Griggs and Spagnoletti.

31. Denies each and every allegation contained in paragraph 31, except admits that Messrs. Griggs and Spagnoletti stated that retail and Canadian sales were not covered by the parties' Agreement, and that Woolrich subsequently attempted to reach a compromise with GJN on that issue, without waiving any rights, by offering to include retail sales revenue and associated

expenses (including product cost, and selling and general and administrative expenses) in computing the payments to be made to GJN, notwithstanding the fact that the Agreement did not include such items. Woolrich further admits that, in the spirit of such compromise, it prepared and provided to GJN a revised 2007 income statement that included additional sales revenue of $656,023 and associated expenses of $654,185 (the "Revised 2007 Income Statement").

        32.     Denies each and every allegation contained in paragraph 32.

        33.     Denies each and every allegation contained in paragraph 33, except admits that Exhibit A to the Agreement contains a formula for calculating profit division payments, and respectfully refers the Court to that document for its contents.

        34.     Denies each and every allegation contained in paragraph 34, except admits that Woolrich provided the Revised 2007 Income Statement to GJN on or about August 25, 2008, and respectfully refers the Court to that document for its contents.

        35.     Denies each and every allegation contained in paragraph 35, except admits that George Nova questioned Messrs. Griggs and Spagnoletti regarding the Revised 2007 Income Statement.

        36.     Denies each and every allegation contained in paragraph 36, except admits that Messrs. Spagnoletti and Griggs provided information to Mr. Nova regarding the methodology used by Woolrich with respect to advertising expenses, and that Mr. Nova was not satisfied with

the information or methodology.

37. Denies each and every allegation contained in paragraph 37.

38. Denies each and every allegation contained in paragraph 38.

39. Denies each and every allegation contained in paragraph 39.

40. Denies each and every allegation contained in paragraph 40.

### As to the Alleged Damages

41. Denies each and every allegation contained in paragraph 41.

42. Denies each and every allegation contained in paragraph 42.

43. Denies each and every allegation contained in paragraph 43.

### As to the Alleged Count Two (Breach of Implied Covenant of Good Faith and Fair Dealing)

44. Re-alleges its responses to paragraphs 1 through 42 of Count One as if the same had been fully set forth herein.

45. States that the allegations contained in paragraph 45 purport to state a legal conclusion as to which no response is required.

46. Denies each and every allegation contained in paragraph 46.

47. Denies each and every allegation contained in paragraph 47.

### As to the Alleged Count Three (Declaratory Judgment)

48. Re-alleges its responses to paragraphs 1 through 42 of Count One as if the

same had been fully set forth herein.

49. Denies each and every allegation contained in paragraph 49, except admits that a dispute exists between the parties regarding the terms of the Agreement.

50. States that the allegations contained in paragraph 50 purport to make a request to the Court as to which no response is required.

### As to the Alleged Count Four (Violation of C.G.S. § 42-110a *et seq.*)

51. By Order dated January 20, 2010, the Court dismissed this claim with prejudice. Accordingly no response to this paragraph is required.

52. By Order dated January 20, 2010, the Court dismissed this claim with prejudice. Accordingly no response to this paragraph is required.

53. By Order dated January 20, 2010, the Court dismissed this claim with prejudice. Accordingly no response to this paragraph is required.

54. By Order dated January 20, 2010, the Court dismissed this claim with prejudice. Accordingly no response to this paragraph is required.

55. By Order dated January 20, 2010, the Court dismissed this claim with prejudice. Accordingly no response to this paragraph is required.

### FIRST AFFIRMATIVE DEFENSE

The claims asserted by GJN are barred, in whole or part, by the doctrine of accord

and satisfaction.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted by GJN are barred, in whole or part, by the doctrine of waiver.

**WHEREFORE**, defendant Woolrich, Inc. respectfully demands judgment dismissing the Complaint with prejudice, and with costs to defendant; and such other and further relief as the Court deems proper.

DEFENDANT,
WOOLRICH, INC.

By: /s/ Andrew M. Zeitlin
Andrew M. Zeitlin (ct21386)
Alison P. Baker (ct28136)
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT  06901
Telephone:  (203) 324-8100
Facsimile:   (203) 324-8199
azeitlin@goodwin.com
abaker@goodwin.com
Its Attorneys

1382064v2                                        9

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Andrew M. Zeitlin